UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

G.R.R.,

Petitioner,

v.

LAURA HERMOSILLO, *et al.*,

Respondents.

CASE NO. 2:26-cv-00097-GJL

ORDER ON MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES

The Court previously granted Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 9. Petitioner now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (the "Motion"). Dkt. 14.

Respondents oppose the Motion on two grounds.[1] Dkts. 18, 21. First, Respondents argue the Motion should be denied on sovereign immunity grounds, contending immigration habeas actions are not "a civil action" for which sovereign immunity is unambiguously waived. Dkt. 21.

[1] Respondents originally opposed the Motion on a third ground, arguing that Petitioner had not demonstrated that the hours billed were reasonable. *See* Dkt. 18. In his Reply, Petitioner stated that his attorney's time log was inadvertently omitted from the Motion, included the time log as an exhibit, and requested that Respondents receive an opportunity to submit a Supplemental Response to the Motion. Dkts. 19, 19-1. Accordingly, the Court directed Respondents to file a Supplemental Response. Dkt. 20. Respondents did so and, upon review of the time log, withdrew their assertion that Petitioner had not demonstrated that his billed hours were reasonable. Dkt. 21.

Second, Respondents oppose the Motion to the extent it seeks recovery of fees at an enhanced hourly rate. Dkt. 18.

Upon review of the Motion, materials filed in support of and in opposition to the Motion, pertinent portions of the record, and the applicable law, the Court **GRANTS** the Motion for the reasons set forth below. Dkt. 14.

## I. BACKGROUND

On January 11, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. §2241, seeking release from custody. Dkt. 1. Petitioner challenged his re-detention by United States Immigration and Customs Enforcement ("ICE") under the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.* On January 29, 2026, the Court granted the Petition, concluding that Petitioner was re-detained without the constitutionally required process. Dkt. 9. The Court ordered Petitioner's immediate release. *Id.* The Court also entered permanent injunctive relief governing any future re-detention of Petitioner. *Id.*

On May 13, 2026, Petitioner filed the instant Motion for attorney's fees and costs pursuant to the EAJA. Dkt. 14. Petitioner seeks attorney's fees at the rate of $700.00 for 19.45 hours of work performed by Attorney Michael T. Purcell in litigating this action. *Id.*; Dkt. 19-1. Applying the enhanced rate of $700.00, Petitioner seeks a total award of $13,615.00 in attorney's fees and $5.00 in costs, representing the filing fee paid in this action. Dkt. 14 at 2. In the alternative, Petitioner seeks attorney's fees at the statutory rate of $258.46 per hour for 19.45 hours for a total award of $5,027.05 in attorney's fees and $5.00 in costs. Dkt. 14 at 9.

Respondents timely filed a Response opposing the Motion. Dkt. 18. Petitioner thereafter timely filed a Reply. Dkt. 19. In his Reply, Petitioner included his attorney's time log as an

exhibit and requested that Respondents receive an opportunity to review the time log and submit a Supplemental Response to the Motion. Dkts. 19, 19-1. Accordingly, the Court directed Respondents to file a Supplemental Response. Dkt. 20. Respondents timely filed their Supplemental Response. Dkt. 21. The Motion is therefore fully briefed and ripe for consideration.[2]

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). Thus, "for the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

## III. DISCUSSION

First, it is undisputed that Petitioner is the prevailing party in this action. 28 U.S.C. § 2412(d)(1)(A); *see* Dkts. 9, 10. Second, Respondents do not tender any argument or authority to show their position was substantially justified or that special circumstances make an award unjust. Dkts. 18, 21. Third, Respondents do not dispute the hours billed by Petitioner are reasonable. *Id.* Instead, Respondents only dispute that: (1) this immigration habeas action is not "a civil action" for which sovereign immunity is waived; and (2) Petitioner's attorney is not

[2] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

entitled to an enhanced fee award because he did not demonstrate that qualified counsel was not available at a lower rate. *Id.*

**A. Sovereign Immunity Is Waived in this Action**

Respondents argue that the EAJA does not waive sovereign immunity for an award of attorney's fees incurred in immigration habeas proceedings because such a proceeding is not unambiguously a "civil action" within the meaning of 28 U.S.C. § 2412(d)(1)(A). *See* Dkt. 21 at 3. The Court does not agree. *Tsyamba v. Hermosillo*, No. 2:25-CV-02623-GJL, 2026 WL 2874027, at *2 (W.D. Wash. Sept. 24, 2026).

The Ninth Circuit has held that the EAJA applies to habeas proceedings arising from immigration matters. *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985); *Montero v. Ilchert*, 780 F.2d 763, 765 (9th Cir. 1986) (rejecting Government's argument that habeas proceedings are "not a civil action" and recognizing that, "in at least some circumstances," the Ninth Circuit has held that the EAJA applies to immigration habeas actions). Accordingly, the Ninth Circuit's decision in *Hill* controls absent "clearly irreconcilable" and higher authority. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*).

More than two-decades after its decision in *Hill*, the Ninth Circuit awarded EAJA fees to a noncitizen who prevailed in a habeas action challenging immigration detention. *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009). Nevertheless, Respondents contend that *Hill* should be limited to its facts. Dkt. 21 at 5. However, two Courts of Appeals examining the EAJA's statutory text have concluded that the statute unambiguously encompasses habeas proceedings challenging immigration detention. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 424–33 (3d Cir. 2026) (reaching same conclusion as *Hill* under the textual approach outlined in *FAA v. Cooper*, 566 U.S. 284 (2012)); *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir.

2025) (similar); *but see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) (holding that EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions); *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021) (same). Whatever force Respondents' criticism may have as to *Hill*'s reasoning, the decision is not clearly irreconcilable with intervening authority and therefore remains binding on this Court. *See Hasbrouck v. Texaco, Inc*., 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit."); *E.A.P.C. v. Wofford*, No. 1:25-CV-01546-JLT-CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (concluding that *Hill* is "binding Ninth Circuit authority that EAJA fees may be awarded to a prevailing petitioner in an immigration habeas proceeding"); *Mena Torres v. Hernandez*, No. 3:25-cv-05772-TSZ, Dkt. 37 at 3 (W.D. Wash. Aug. 31, 2026) ("This Court is bound by the long-established jurisprudence of the Ninth Circuit, which makes clear that EAJA permits an award of attorney's fees to a petitioner who prevails in an immigration habeas matter.") (collecting cases). Apart from *Hill*'s binding effect, the Court is also persuaded by the Third and Tenth Circuits' conclusion that the EAJA's text encompasses habeas proceedings challenging immigration detention.

The EAJA authorizes fees incurred in "any civil action (other than cases sounding in tort)" brought by or against the United States. 28 U.S.C. § 2412(d)(1)(A). Read naturally, "any" carries an expansive meaning, *United States v. Gonzales*, 520 U.S. 1, 5 (1997), that readily encompasses habeas proceedings. *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 269 (1978) ("It is well settled that habeas corpus is a civil proceeding."); *see also N.A.L.C. v. Wofford*, No. 1:25-CV-01917-KES-CDB (HC), 2026 WL 1724739, at *1–2 (E.D. Cal. June 15, 2026) ("[T]he better interpretation of the term 'any civil action' in the EAJA is that it unambiguously includes habeas proceedings challenging immigration detention."). Moreover,

unlike habeas actions challenging criminal confinement, a habeas action challenging immigration detention does not combine civil and criminal elements because the underlying immigration detention is itself civil. *See Michelin*, 169 F.4th at 426 ("A hybrid of a civil action and a civil action is a civil action."); *Daley*, 158 F.4th at 1165.

Accordingly, the Court concludes that sovereign immunity is waived and that EAJA fees are available in this immigration habeas action.[3]

**B. Enhanced Fees May Be Awarded**

EAJA caps attorney's fees at $125 per hour, adjusted for inflation "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, Petitioner seeks an enhanced fee award because of his specialized skills needed for the litigation in question, which addressed the unique issue of re-detention upon an INTERPOL Red Notice and ICE Directive 15.006. Dkt. 14 at 4–5, 7; Dkt. 17 at ¶ 21; *see* Dkt. 9.

Three elements must be met to satisfy 28 U.S.C. § 2412(d)(2)(A). Specifically, a court may award market rates based on the limited availability of qualified attorneys when the attorney possesses (1) "distinctive knowledge and specialized skill" that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912–15 (9th Cir. 2009); *Arreaga Morales De Putul v. Hermosillo*, No. 2:26-CV-00129-GJL, 2026 WL 2349579, at *3 (W.D. Wash. Aug. 13, 2026).

Respondents do not dispute Petitioner's argument in support of the first two elements, namely that Attorney Purcell has distinctive knowledge and specialized skill needed for this

[3] While Petitioner did not receive an opportunity to reply to Respondent's Supplemental Response that presented the sovereign immunity argument, *see* Dkt. 20, the Court's finding does not prejudice, but rather benefits, Petitioner and adheres to controlling precedent. *See, e.g.*, *Tsyamba v. Hermosillo*, No. 2:25-CV-02623-GJL, 2026 WL 2874027, at *3 (W.D. Wash. Sept. 24, 2026).

litigation. *See* Dkt. 18 at 4. Rather, Respondents contend Petitioner has not demonstrated that qualified counsel was not available at a lower rate than that which Attorney Purcell seeks to recover for this case. *Id*.

To make the showing for the third element, Petitioner must show "that qualified counsel was not available for this litigation at the statutory maximum hourly rate." *Nadarajah*, 569 F.3d at 915. To do so, "[n]o one expects the plaintiffs to conduct statistical surveys." *Id*. (quoting *Atl. Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 493 (1st Cir. 2000)). Rather, a petitioner can, for example, submit a declaration "'say[ing], with at least modest support . . . that as a practical matter the plaintiffs would be unable to find a[n] . . . expert for $125.'" *Id*. (quoting *Atl. Fish Spotters Ass'n*, 205 F.3d at 493).

Here, in support of this third element, Petitioner's attorney contends there is a lack of attorneys available with the specialized knowledge required for this litigation who would handle this case at the EAJA rate of approximately $250 per hour. Dkt. 15 at 3–5. Petitioner provides the declarations of Attorney Purcell and Attorney Shara Svendsen, who have practiced immigration law for over fifteen years in Oregon and Washington, respectively. Dkt 15; Dkt. 17. Each declaration stated that they would not have accepted this immigration case at the EAJA statutory rate. Dkt. 15 at ¶ 26; Dkt. 17 at ¶ 19.

Mr. Purcell adds the following with respect to the lack of available lawyers to perform immigration work:

> The lack of available lawyers is closely related to the problems of specialized knowledge and special training. All the immigration lawyers I know are overworked, and a number have stopped accepting new clients.
>
> There are about 600 lawyers who are members of AILA Washington. Another 300 lawyers are members of AILA Oregon, and some are members of both chapters. Lawyers in both states have become involved in immigration-related habeas corpus actions in the Western District of Washington.

> To test how many immigration lawyers were available for habeas cases in January 2026, which was about the time this case was filed, I queried the CM/EFS [sic] system to return all active or inactive case numbers filed in WDWA between January 1 and January 31, 2026, for case type code 463 (alien detainee).
>
> There were approximately 150 case numbers generated. I created a table summarizing the case numbers, the date filed, and the attorney or firm name, if any for each case. That table is attached as an exhibit to this declaration.
>
> Because one public service law firm, Northwest Immigration Rights Project ("NWIRP") often filed habeas petitions for more than one person in a single case, there were a total of about 176 people who sought immigrant-related habeas relief in WDWA in January 2026.
>
> Of these 176 people, fifty-two (52) were *pro se*. Of the remaining 140 persons, the majority (78) were represented by non-profit service providers, primarily NWIRP (58 cases). The remaining sixty-two (62) persons were represented by a total of 24 private lawyers or small law firms. Six (6) of these lawyers were based out of Oregon.
>
> Thus, it appears to me that in January 2026, out of the total of about 900 immigration lawyers (members of either AILA Washington, AILA Oregon, or both) in the states of Washington and Oregon in January 2026, there were only about twenty four (24) lawyers in private practice, or smaller law firms, who filed new federal immigration habeas proceedings.

Dkt. 15 at ¶¶ 16–22. Attorney Purcell also states that the shortage of immigration attorneys in the Western District of Washington is also attributable to the increase in the number of non-citizen habeas corpus cases originating from the ICE detention facility in Tacoma, Washington, due to the present administration's policies on immigration enforcement starting around October 2025. *Id.* ¶¶ 23–25.

Attorney Svendsen further asserts:

> I am generally familiar with hourly rates for immigration services in the Seattle-Tacoma area. I know of no private lawyer or law firm in that area willing to accept immigration habeas cases at the adjusted statutory rate of $258.46 per hour.
>
> I have read the court's order granting the petition for habeas corpus in this case. In my opinion success in this case required specialized knowledge not only of immigration law but also the law related to revocation of orders of supervision and

> of Interpol "red notices" and ICE procedure related to them. These topics are not common knowledge even among immigration lawyers.

Dkt. 17 at ¶¶ 20–21.

Respondents argue that despite the Declarants above stating that they themselves would not have accepted this case at the statutory rate, "there are several private attorneys that have been able to obtain habeas relief for noncitizens in 2026 alone." Dkt. 18 at 5–6 (citing cases). However, of the five cases cited by Respondents, those courts did make determinations of attorney's fees based on the EAJA statutory rates. *Id.* Without those determinations, the Court finds Respondents' argument falls short.

Respondents also cite three cases in which private immigration attorneys accepted the EAJA's statutory rate. *See* Dkt. 18 at 5–6 (citing *M.M. v. Hermosillo*, No. 2:25-cv-2074-TMC, 2026 WL 252076 (W.D. Wash. Jan. 30, 2026); *Zavorin v. Wamsley*, No. 2:26-cv-0173-DGE, 2026 WL 879246, at *2 (W.D. Wash. Mar. 31, 2026); *Orozco Valle v. Scott*, No. 2:25-cv-02429-JNW-TLF, Dkt. 18 (W.D. Wash.)[4]). While it may be true that the attorneys in those cases accepted the statutory rate, the Court makes its determination here based on the evidence presented in this case. *See Arreaga Morales De Putul*, 2026 WL 2349579, at *4–5.

Under the authorities cited above, Petitioner's provided declarations are sufficient. In particular, Attorney Purcell's declaration contains a statistical analysis of the availability of immigration lawyers in this District that goes beyond that which is required to make a showing of the third element here. *See* Dkt. 15 at ¶¶ 18–22.

Accordingly, the Court finds Petitioner has made a showing that an award of enhanced fees is justified for Attorney Purcell due to the limited availability of qualified attorneys for this

---

[4] Petitioner's counsel subsequently filed a notice to withdraw the motion for attorney fees in this case. *See Orozco*, 2:25-2429-JNW-TLF, Dkt. 19 (W.D. Wash. Mar. 20, 2026).

proceeding. *See* 28 U.S.C. § 2412(d)(2)(A); *Arreaga Morales De Putul*, 2026 WL 2349579, at *3–5 (finding the same).

**C. The Requested Fee Amount Is Reasonable**

Hourly rates are reasonable when the "requested enhanced rates are 'in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Nadarajah*, 569 F.3d at 916 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984)). Because courts in the Ninth Circuit and this District have historically been skeptical of fee matrices, this Court will instead look to attorney affidavits and rate determinations in other cases to determine the prevailing community rates. *See Koonwaiyou v. Blinken*, 724 F. Supp. 3d 1222, 1235 (W.D. Wash. 2024) (citing *United Steelworkers of Am. V. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)); *Rahman v. Bondi*, No. 2:24-cv-02132-JHC-TLF, 2026 WL 323046, at *5–6 (W.D. Wash. Feb. 6, 2026); *Garcia v. Wamsley*, 824 F. Supp. 3d 1159, 1169 (W.D. Wash. 2026);

Based on the declarations submitted by Petitioner, and the rates awarded in *Koonwaiyou, Rahman*, and *Garcia*, the Court finds the requested hourly rate to be reasonable. Further, Respondents have not challenged the number of hours expended by Attorney Purcell in the instant case. *See* Dkt. 21.

Accordingly, the Court finds that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable at the rate of $700.00 per hour for a total of $13,615.00 in attorney's fees. Petitioner's request for reimbursement of the $5.00 filing fee, which was paid at the outset of this action, *see docket,* is also reasonable and in compliance with the EAJA. *Id.*; *see also Belqasim v.*

*Hermosillo*, No. 2:25-CV-01282-LK, 2026 WL 1741317, at *3 (W.D. Wash. June 17, 2026) (granting request for reimbursement of filing fee to the prevailing party under the EAJA).

Accordingly, Petitioner is entitled to attorney's fees and costs in the amount of $13,620.00 under the EAJA.[5]

## IV. CONCLUSION

For the above stated reasons, the Motion for attorney's fees and costs (Dkt. 14) is **GRANTED**. Petitioner is **AWARDED fees and costs** under the EAJA in the amount of **$13,620.00**, payable directly to Petitioner's retained counsel.[6] The judgment shall be **AMENDED** to include this award in favor of Petitioner.

Dated this 19th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge

[5] In their Supplemental Response, Respondents request the Court "stay the enforcement of any fee award to allow the Supreme Court to determine whether EAJA encompasses habeas litigation for immigration detention in *Montoya Palacios v. Liggins*, No. 25-1223. Dkt. 21 at 5. The Court **DENIES** Respondents request as they have failed to make a showing in support. *See e.g.*, *Tsyamba*, 2026 WL 2874027, at *5 n. 5; *Nguyen v. Bondi*, No. 2:26-CV-00460-MLP (W.D. Wash., August 26, 2026).

[6] Dkt. 16 at 1–2, Petitioner's Declaration (authorizing and requesting payment "of all amounts that may be awarded for EAJA fees and costs" directly to Michael T. Purcell).